*N. M. Whitmore, 2d,* for the plaintiffs.

*L. Clay,* for the defendant.

--------◆--------

JAMES B. DINGLEY and another *vs.* JOHN BUFFUM and another.

A tenant at will has no estate which is assignable.
At the expiration of a tenancy, fixtures erected by the tenant go to the landlord, unless the tenant, before surrendering possession, has removed them.

ON REPORT.

REPLEVIN for certain lumber which has constituted partitions and box-stalls in a saloon.

The case is sufficiently stated in the opinion.

*N. M. Whitmore, 2d,* for the plaintiffs.

*L. Clay,* for the defendants.

KENT, J. An action of replevin for certain lumber, which had constituted fixtures in a shop formerly occupied by the defendants.

Several questions have been raised and discussed in the case. It

is not necessary for us to consider many of them. Assuming that the articles were fixtures, put up by a lessee, and such as he would have had a right to remove during his tenancy or occupation, the question is, whether these defendants had such right.

James Stone owned the store, and, in 1859, leased it, by a written lease, for one year, to Somes. Somes occupied it for the year, under that lease, and continued to occupy afterwards without any new written lease, until 1863. During this time, he put up the fixtures in question. He then sold out his stock, &c., to one Chadbourne, by a bill of sale, the contents of which are not before us. But when he gave him possession of the goods, he "left every thing there — took nothing away." There were two or three intermediate sales and transfers, but they all failed, and Somes resumed possession in each case, and remained until he sold to Chadbourne in 1863. Chadbourne went in as tenant of Stone, the owner, took a bond for a deed from him, and paid rent to him as long as he occupied. In 1865, Chadbourne sold to Buffum, one of the defendants, the stock in the store, "with all the furniture, fixtures," &c. The defendants went in, and paid rent to the owner until October, 1866. The plaintiffs bought the land and store of Stone on August 1, 1866, and notified the defendants to leave the premises, which they did in October.

There is a controversy on a question of fact, viz., whether the fixtures were removed before the surrender of possession by the defendants. But a prior question arises, whether the defendants had any right to remove these fixtures, at any time.

It does not appear, that, in any of the purchases, there was any attempt to sell or assign any interest in any lease. After the first year, all the tenancies were at will, and each succeeding tenant seems to have attorned to the owner, and to have paid, or agreed to pay, rent to him. These defendants agreed to pay and did pay rent to the plaintiffs, after their purchase.

"A tenancy at will is determinable at any time, and the tenant has no certain and indefeasible estate which he can assign or grant to any other person." *Cunningham* v. *Holton*, 55 Maine, 36. No

rights are acquired by such sale against the owner of the real estate, much less when there is only a sale of goods.

If Somes might have removed the fixtures before his tenancy terminated, it does not follow that any subsequent tenant might do so. This subject has been fully considered, and it is now well settled, that it is a right of the tenant, who erected them, but the right must be exercised during the term or before he surrender possession. The general rule is, that the fixtures go, at the expiration of the term, to the landlord, unless the tenant has, during the term, exercised the right to remove.

It is unnecessary to do more than to refer to the case of *Davis* v. *Buffum*, 51 Maine, 160, where this doctrine is clearly stated and affirmed as the law of this State, and shown to be in accordance with the authorities.

It, therefore, becomes unnecessary to determine whether the removal was before or after the defendant's tenancy had terminated, or whether they were such fixtures as an outgoing tenant might remove. *Judgment for the plaintiffs, damages* $1.

Appleton, C. J.; Walton, Barrows, and Tapley, JJ., concurred.